UNITED STATES OF AMERICA
UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

_____

WILLIE HENRY CLAY,

        Plaintiff,                            Case No. 1:15-cv-79

v.                                             Honorable Gordon J. Quist

UNKNOWN SISSION et al.,

        Defendants.

_____/

## OPINION

This is a civil rights action brought by a state prisoner pursuant to 42 U.S.C. § 1983. The Court has granted Plaintiff leave to proceed *in forma pauperis*. Under the Prison Litigation Reform Act, PUB. L. NO. 104-134, 110 STAT. 1321 (1996), the Court is required to dismiss any prisoner action brought under federal law if the complaint is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant immune from such relief. 28 U.S.C. §§ 1915(e)(2), 1915A; 42 U.S.C. § 1997e(c). The Court must read Plaintiff's *pro se* complaint indulgently, *see Haines v. Kerner*, 404 U.S. 519, 520 (1972), and accept Plaintiff's allegations as true, unless they are clearly irrational or wholly incredible. *Denton v. Hernandez*, 504 U.S. 25, 33 (1992). Applying these standards, Plaintiff's action will be dismissed as frivolous because it is barred by the statute of limitations.

## Factual Allegations

Plaintiff currently is incarcerated in the G. Robert Cotton Correctional Facility, but the events giving rise to his complaint occurred at the Ionia Maximum Correctional Facility (ICF). In his *pro se* complaint, Plaintiff sues the following ICF employees: Officers (Unknown) Sission,

(Unknown) Jameson, (Unknown) Martin, (Unknown) Gagne, and John Doe; Nurse (Unknown) Laughhunn; and Dr. (Unknown) Czop.

On the afternoon of May 1, 2011, Plaintiff took a shower in the segregation unit at ICF. Defendant Gagne directed him to finish up his shower and get dressed. Plaintiff alleges that while he was drying off, he accidentally splashed some water from his wash cloth on Officer Gagne. Gagne mistakenly believed that Plaintiff spit on her and stated, "You spit on me. You son of a bitch. I'm going to kill you. You son of a bitch." (Compl. ¶26, docket #1, Page ID#3.) Defendants Sission, Jameson and John Doe came to Gagne's assistance and placed Plaintiff in hand and leg restraints. According to Plaintiff, Defendant Gagne went to the officer's station and watched with Defendant Martin while Defendants Sission, Jameson and John Doe assaulted Plaintiff. The officers allegedly slammed Plaintiff to the ground face first and proceeded to punch and kick him. Plaintiff further alleges that Defendant Sission used an unknown object as a weapon to stab Plaintiff in the forehead and the left side of his back. When they were finished assaulting Plaintiff, the officers returned him to his cell.

Plaintiff claims that as a result of the assault, he was bleeding from his head, eyes, nose, mouth and back. He also alleges that some of his fingers were broken from being pulled back to his wrist. Ten or fifteen minutes after Plaintiff returned to his cell, Defendants Laughhunn and Czop came and took photos of Plaintiff's face through the window in his cell door, which had been shattered before Plaintiff was assigned to the cell. Plaintiff contends that Laughhunn and Czop failed to properly examine his injuries or provide necessary medical treatment. Plaintiff was left bleeding from his injuries for three days without any pain medication or other medical attention. Plaintiff was convicted of major misconducts for spitting on Officer Gagne and attempting to head butt Officer Sission, but denies the charges.

Plaintiff claims that Defendants violated his Eighth Amendment rights by using excessive force and denying him proper medical treatment. He seeks damages of $2 million and termination of the named Defendants from their employment with the Michigan Department of Corrections.

**Discussion**

State statutes of limitations and tolling principles apply to determine the timeliness of claims asserted under 42 U.S.C. § 1983. *Wilson v. Garcia*, 471 U.S. 261, 268-69 (1985). For civil rights suits filed in Michigan under § 1983, the statute of limitations is three years. *See* MICH. COMP. LAWS § 600.5805(10); *Carroll v. Wilkerson*, 782 F.2d 44, 44 (6th Cir. 1986) (per curiam); *Stafford v. Vaughn*, No. 97-2239, 1999 WL 96990, at *1 (6th Cir. Feb. 2, 1999). Accrual of the claim for relief, however, is a question of federal law. *Collyer v. Darling*, 98 F.3d 211, 220 (6th Cir. 1996); *Sevier v. Turner*, 742 F.2d 262, 272 (6th Cir. 1984). The statute of limitations begins to run when the aggrieved party knows or has reason to know of the injury that is the basis of his action. *Collyer*, 98 F.3d at 220.[1]

Plaintiff's complaint is untimely. He asserts claims arising on May 1, 2011. Plaintiff had reason to know of the "harms" done to him at the time they occurred. Hence, his claims accrued at that time. However, he did not file his complaint until January 2015, well past Michigan's three-year limit. Moreover, Michigan law no longer tolls the running of the statute of limitations when a plaintiff is incarcerated. *See* MICH. COMP. LAWS § 600.5851(9). Further, it is well established that ignorance of the law does not warrant equitable tolling of a statute of limitations.

---

[1] 28 U.S.C. § 1658 created a "catch-all" limitations period of four years for civil actions arising under federal statutes enacted after December 1, 1990. The Supreme Court's decision in *Jones v. R.R. Donnelley & Sons Co.*, 541 U.S. 369 (2004), which applied this federal four-year limitations period to a suit alleging racial discrimination under § 1981 does not apply to prisoner claims under 28 U.S.C. § 1983 because, while § 1983 was amended in 1996, prisoner civil rights actions under § 1983 were not "made possible" by the amended statute. *Id.* at 382.

*See Rose v. Dole*, 945 F.2d 1331, 1335 (6th Cir. 1991); *Jones v. Gen. Motors Corp.*, 939 F.2d 380, 385 (6th Cir. 1991); *Mason v. Dep't of Justice*, No. 01-5701, 2002 WL 1334756, at *2 (6th Cir. June 17, 2002).

A complaint "is frivolous where it lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). A complaint may be dismissed as frivolous if it is time-barred by the appropriate statute of limitations. *See Dellis v. Corr. Corp. of Am.*, 257 F.3d 508, 511 (6th Cir. 2001). The Sixth Circuit has repeatedly held that when a meritorious affirmative defense based upon the applicable statute of limitations is obvious from the face of the complaint, *sua sponte* dismissal of the complaint is appropriate. *See Dellis*, 257 F.3d at 511; *Beach v. Ohio*, No. 03-3187, 2003 WL 22416912, at *1 (6th Cir. Oct. 21, 2003); *Castillo v. Grogan*, No. 02-5294, 2002 WL 31780936, at *1 (6th Cir. Dec. 11, 2002); *Duff v. Yount*, No. 02-5250, 2002 WL 31388756, at **1-2 (6th Cir. Oct. 22, 2002); *Paige v. Pandya*, No. 00-1325, 2000 WL 1828653 (6th Cir. Dec. 5, 2000). Accordingly, Plaintiff's action must be dismissed as frivolous.

## **Conclusion**

Having conducted the review required by the Prison Litigation Reform Act, the Court determines that Plaintiff's action will be dismissed as frivolous pursuant to 28 U.S.C. §§ 1915(e)(2) and 1915A(b), and 42 U.S.C. § 1997e(c).

The Court must next decide whether an appeal of this action would be in good faith within the meaning of 28 U.S.C. § 1915(a)(3). *See McGore v. Wrigglesworth*, 114 F.3d 601, 611 (6th Cir. 1997). For the same reasons that the Court dismisses the action, the Court discerns no good-faith basis for an appeal. Should Plaintiff appeal this decision, the Court will assess the $505.00 appellate filing fee pursuant to § 1915(b)(1), *see McGore*, 114 F.3d at 610-11, unless

Plaintiff is barred from proceeding *in forma pauperis*, e.g., by the "three-strikes" rule of § 1915(g).

If he is barred, he will be required to pay the $505.00 appellate filing fee in one lump sum.

This is a dismissal as described by 28 U.S.C. § 1915(g).

A Judgment consistent with this Opinion will be entered.


Dated:  February 11, 2015                             /s/ Gordon J. Quist
                                                    GORDON J. QUIST
                                              UNITED STATES DISTRICT JUDGE